UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTH ERN DIVISION

LA'TASHA ASKEW,

        Plaintiff,        CASE NO. 17-10472
                                    HON. DENISE PAGE HOOD
v.

ENTERPRISE LEASING COMPANY
OF DETROIT, LLC,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [#18], AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [#23]**

**I.    INTRODUCTION**

On February 14, 2017, Plaintiff La'Tasha Askew ("Askew") brought this action alleging claims of illegal discrimination, retaliation and interference by Defendant Enterprise Leasing Company, LLC. ("Enterprise"), pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Pregnancy Discrimination Act and the Elliott-Larsen Civil Rights Act, MCL § 37.210 *et seq.* (ELCRA) (Doc # 1). Askew's Complaint alleges that her supervisor, Noah Fox,

1

singled her out for negative treatment because of her race and sex, among other things.

On April 14, 2017, a Scheduling Order was issued setting a Discovery due date of September 1, 2017, and a Dispositive Motion Cut-Off date of October 2, 2017. (Doc # 8) On September 14, 2017, a Stipulated Order changed the Discovery due date to November 30, 2017, and the Dispositive Motion Cut-Off date to January 8, 2018. (Doc # 11) On November 15, 2017, a Second Stipulated Order changed the Discovery due date to January 29, 2018, and the Dispositive Motion Cut-Off date to March 9, 2018. (Doc # 13) On February 5, 2018, pursuant to a Third Stipulated Order, the Discovery due date was changed to March 15, 2018, and the Dispositive Motion Cut-Off date was changed to April 13, 2018. (Doc # 14)

This matter is before the Court on Plaintiff's Motion to Compel, Extend Discovery or for Discovery Sanctions, filed on March 15, 2018 (Doc # 18), and Plaintiff's Motion for Leave to File an Amended Complaint, filed on April 20, 2018. (Doc # 23) On April 18, 2018, the Dispositive Motion Cut-Off date was extended to May 29, 2018, to allow Plaintiff to move to amend the Complaint. (Doc # 22) For the reasons that follow, Plaintiff's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**.

## II. PLAINTIFF'S PROPOSED AMENDMENTS

Askew is African-American woman who was formerly employed by Enterprise, working at various "Enterprise Rent-a-Car" locations throughout Michigan from July 2010 through January 2016. Askew lasted worked at Enterprise's Royal Oak location. Askew was last supervised by Noah Fox ("Fox"). Askew was one of a small number of African American women employees supervised by Fox.

Askew became pregnant with her first child on or around April 5, 2015. Askew notified Enterprise of her pregnancy. Askew alleges that, shortly after Enterprise learned of her pregnancy, she received a series of unwarranted and pretextual write-ups. On October 1, 2015, Askew took FMLA-qualified leave for the remainder of her pregnancy. Enterprise required that Askew get clearance from her doctor before she could return to work, which Askew provided. Askew returned to work on December 25, 2015. Askew was terminated on January 26, 2016. Askew was replaced by a Caucasian man.

Plaintiff seeks to amend her Complaint to add 42 U.S.C. § 1981 discrimination and retaliation claims against Defendant based on the same factual allegations and analytical framework that applies to her claims under Title VII. (Doc # 23, Pg. 11–12) Plaintiff asserts that Defendant will not suffer prejudice because Defendant will be called on to defend claims under the same legal

3

framework used to analyze claims already present in this action. (*Id.* at 13) Finally, Plaintiff asserts she did not know she had potential 42 U.S.C. § 1981 claims until after witness Caitlin Rourke's deposition on March 9, 2018. (Doc # 26, Pg. 3)

### III. MOTION FOR LEAVE TO AMEND

### A. Rule 15(a)

In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the court. Fed. R. Civ. P. 15(a)(2). Defendants do not concur in Plaintiff's motion, so it is within the Court's discretion whether to grant Plaintiff's motion for leave to file an amended complaint. Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

(1) the delay in filing the motion,

(2) the lack of notice to the other party,

(3) bad faith by the moving party,

(4) repeated failure to cure deficiencies by previous amendments,

(5) undue prejudice to the opposing party, and

(6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court

4

may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g.*, *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

**B.     Analysis**

Defendant argues that Plaintiff's amendment should be denied because the amendment is not timely and it will unfairly prejudice Defendant. Defendant claims that, because the period for Discovery is closed, Defendant will be prejudiced by being denied the ability to obtain discovery on the issue of punitive damages—a potential remedy under 42 U.S.C. § 1981 claims. Considering the analyses that follow, Defendant's arguments are unpersuasive.

The Court finds that Plaintiff is not adding allegations that will require additional prolonged discovery. Plaintiff's new claims are based on the same factual allegations and evidence as Plaintiff's existing claims under Title VII and the ELCRA. Defendant will not be required to incur significant additional costs beyond exploring the amount of potential punitive damages in this case.

Plaintiff's Motion for Leave to Amend Complaint was filed after the discovery process, but is based on testimony obtained during the discovery period. Plaintiff asserts she did not know she has a potential 42 U.S.C. § 1981 claims until

5

after witness Caitlin Rourke's deposition. The facts suggest Plaintiff is making an effort to add a claim she perceives to be valid.

The Court concludes that, although it appears Plaintiff could have moved to amend the Complaint earlier in the proceedings: (1) Defendant has not been harmed by a lack of notice; (2) there is no evidence Plaintiff is acting in bad faith; (3) there have been no previous attempts to amend; and (4) Defendant will not be unduly prejudiced by the amendment.

Defendant suggests that Plaintiff's proposed amendments are futile but did not provide any argument to support that assertion. Plaintiff argues that the substantive legal standard for stating a claim under 42 U.S.C. § 1981 and Title VII is the same in the employment context. The Court agrees with Plaintiff. *See, e.g.*, *Myers v. Ameritech Corp.*, No. 01-71025, 2002 WL 31994281, at *8 (E.D. Mich. May 13, 2002) (Borman, J.) ("[C]laims of alleged race discrimination brought under [42 U .S.C.] § 1981 and the Elliot–Larsen [Civil Rights] Act ["ELCRA"] [are reviewed] under the same standards as claims of race discrimination brought under Title VII of the Civil Rights Act of 1964 ("Title VII")."). The Court notes that Defendant has not filed a Motion to Dismiss Plaintiff's Title VII or ELCRA claims. The Court finds that Plaintiff's proposed claims are not facially futile.

Other than the fact that Plaintiff did not move to amend the Complaint for an extended period of time, Defendant has not presented the Court with a persuasive

6

argument or evidence of potential prejudice, why the delay in moving to amend was unwarranted, or how the allegations fail to state a claim as a matter of law. The Court holds that Plaintiff may file an amended complaint and orders that Plaintiff immediately file the "First Proposed Amended Complaint," attached as "Exhibit Amended Complaint" (or "Exhibit 1") to its Motion to Amend Complaint.

**IV. MOTION TO COMPEL, EXTEND DISCOVERY OR FOR SANCTIONS**

Plaintiff filed the present Motion to Compel on March 15, 2018, the last day of Discovery. (Doc # 18) Plaintiff requests the Court compel Defendant to produce information related to a number of performance metrics for Plaintiff and her coworkers that were not produced with Defendant's initial disclosures or in response to Plaintiff's document requests. Plaintiff's requests seek information Plaintiff deems relevant to her claims pursuant to Title VII and the ELCRA. Defendant responds that Plaintiff was terminated due to her tardiness, not her performance, which renders performance information on Plaintiff's "comparators" irrelevant. (Doc # 19, Pg. 10) Defendant also makes a number of procedural arguments: (1) that Plaintiff's Motion is procedurally improper because Plaintiff failed to seek Concurrence; (2) the Court should deny Plaintiff's Motion to Compel because it fails to comply with Rule 34's 30 day response requirement; and (3) that the Motion should be denied because discovery has closed. Defendant's arguments are unpersuasive.

"Rule 26(b) allows a party to obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense." *Id.*; Fed. R. Civ. P. 26(b). "Evidence is relevant if[] it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. A court may issue an order compelling discovery upon a properly filed motion. Fed. R. Civ. P. 37(a)(1).

Defendant's argument regarding the relevance of the information Plaintiff seeks is without merit. Defendant contends that Plaintiff seeks irrelevant information because the information is not related to Defendant's legitimate, non-discriminatory reason for terminating Plaintiff's employment. That is not an argument, but Defendant's anticipated defense to Plaintiff's claims. Evidence pertaining to the performance of "comparators" in clearly relevant to Plaintiff's claims under the *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973), framework. Defendant's anticipated defense initiates the pretext analysis for which the "comparator" information would be most relevant.

Regarding Defendant's procedural arguments:

(1) The Court is satisfied that Plaintiff met the requirements of Local Rule 7.1(a) because Plaintiff and Defendant have had several communications related to the factual and legal basis of the present Motion. Defendant has not produced the requested information because, as previously stated,

Defendant does not consider the information relevant to the case. Defendant is incorrect.

(2) Defendant's argument that Plaintiff's requests do not comply with Rule 34 of the Federal Rules of Civil Procedure lacks merit. Defendant's argument is based upon one discovery request made following the Deposition of Caitlin Rourke. It is clear in Plaintiff's Motion that Plaintiff seeks information consistent with Document Requests No. 12 and No. 21, sent on April 18, 2017. Defendant has refused to send the requested information based on a meritless relevance argument.

(3) Defendant's argument regarding the Discovery period is unpersuasive because the requested information was sought before the close of Discovery. In addition, consistent with this Court's conclusion regarding Plaintiff's Motion for Leave to File an Amended Complaint, the Court orders that the Discovery period will be reopened to allow Defendant time to obtain discovery regarding the issue of punitive damages. The Court finds that Defendant's potential, although minor, prejudice, and failure to disclose relevant information to Plaintiff provide good cause to modify the case Schedule under Rule 16 of the Federal Rules of Civil Procedure.

Finally, because the Court orders that Discovery be reopened, the Court will not address Plaintiff's request for discovery sanctions. Defendant will have additional time to comply with Plaintiff's discovery requests.

## V. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff La'Tasha Askew's Motion to Compel (Doc # 18) is **GRANTED** consistent with this opinion and order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Doc # 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion with respect to sanctions is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Discovery is reopened for 60 days from the filing of this opinion and order.

**IT IS FURTHER ORDERED** that Defendant is required to fully comply with Plaintiff's Document Request No. 12, which reads:

> Produce all documents, including electronic communications of any kind, relied upon, consulted, or referenced by Defendant or any of its agents, servants, or employee in terminating Plaintiff.

**IT IS FURTHER ORDERED** that Defendant is required to fully comply with Plaintiff's Document Request No. 21, which reads:

> Produce all documents related to every metric, matrix, software, program, computer program, spreadsheet, policy, standard, criteria, or

other means used to quantify, track, or evaluate Plaintiff's job performance.

**IT IS FURTHER ORDERED** that Defendant is required to produce ESQI (customer satisfaction) reports, Sales Reports, Revenue Reports, Staffing Reports, Fleet inventory or fleet growth, Forecasts, Reservation numbers, BMI Reports, for Plaintiff or her coworkers. (See Pg. 11 of Plaintiff's Motion (Doc # 18))

Defendant may conduct discovery related to the Amended Complaint.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager